UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-60970-ALTMAN

**MICHELINE BAPTISTE**,

  Plaintiff,

v.

**SHRUSAN GRAY**,

  Defendant.

_____/

**ORDER**

  **THIS CAUSE** came before the Court on the Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3]. Because the Plaintiff has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004). For the following reasons, the Plaintiff's Complaint [ECF No. 1] is hereby **DISMISSED WITHOUT PREJUDICE**, and her Application to Proceed *in Forma Pauperis* is **DENIED AS MOOT**.

  A court may authorize a party to proceed *in forma pauperis* in any suit, or appeal thereof, so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a)(1). However, the Court must dismiss such a case if it determines that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

The Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted because it does little more than seek monetary damages from the Defendant on the basis of a lawsuit the Plaintiff filed against the Defendant in state court many years ago—a lawsuit the state court dismissed *with prejudice* on account of the Plaintiff's failure to comply with a court order. *See* [ECF No. 1-2]. While the Plaintiff tries to resuscitate her claim for damages against the Defendant here, her Complaint neither articulates a cognizable legal theory nor posits concrete facts that might plausibly entitle her to relief. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. The Plaintiff's Application to Proceed *in Forma Pauperis* [ECF No. 3] is **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 24th day of April 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record; Plaintiff